**In re TERRITORIAL AGREEMENT between FLORIDA KEYS ELECTRIC COOPERATIVE ASSOCIATION, Inc. and FLORIDA POWER AND LIGHT CO.**
No. 8713-EU.

Florida Public Service Commission.

March 17, 1967.

Phillip Goldman, Miami, for Florida Power and Light Co.

James Ellis, Manager, Florida Keys Electric Cooperative Association, Inc.

B. Kenneth Gatlin, Assistant General Counsel, for the commission's staff and the public generally.

Chairman WILLIAM T. MAYO, Commissioners JERRY W. CARTER and EDWIN L. MASON, participated in the disposition of this matter.

BY THE COMMISSION.

Pursuant to notice, the commission held a public hearing on this matter in the Chamber of Commerce Bldg., Marathon, on January 31, 1967. Having fully considered the entire record, the commission now enters its order in this cause.

By application in this docket, Florida Power and Light Company seeks approval of an agreement with Florida Keys Electric Cooperative Association, Inc. relative to service areas. The Florida Power and Light Company is subject to the jurisdiction of this commission pursuant to chapter 366, Florida Statutes,

while Florida Keys Electric Cooperative Association, Inc. is an REA and is not under the jurisdiction of this commission. It was made clear in the record that there was no intent to seek approval of the agreement as to the REA, but only as to the applicant, Florida Power and Light Company.

The agreement was entered into on September 29, 1966, as is evidenced by a memorandum of understanding between the two parties and a map attached thereto, which are part of the record in this proceeding. This commission has had applications for approval of such territorial agreements before it on several occasions. Of particular note here was the proceeding in docket no. 5256-EU which involved a territorial agreement between Florida Power Company, which is subject to the jurisdiction of this commission, and Orlando Utilities Commission, a municipal entity, which is not subject to the jurisdiction of this commission. We entered order no. 2595 on March 28, 1958, approving Florida Power Corporation's entry into that agreement. In docket no. 6081-EU the commission, in order no. 2948 entered on July 5, 1960, concerning a territorial agreement between Florida Power Corporation and Tampa Electric Company, stated the rationale of its approval of such agreements as follows —

"It is our opinion that territorial agreements which will minimize, and perhaps even eliminate, unnecessary and uneconomical duplication of plant and facilities which invariably accompany expansions into areas already served by a competing utility, are definitely in the public interest and should be encouraged and approved by an agency such as this, which is charged with the duty of regulating public utilities in the public interest. Duplication of public utility facilities is an economic waste and results in higher rates which the public must pay for essential services. Reasonable and realistic regulation, in such cases, is better than, and takes the place of competition. A public utility is entitled under the law to earn a reasonable return on its investment. If two similar utilities enter the same territory and compete for the limited business in the area, each will have fewer customers, but there inevitably will be excess facilities which must earn a reasonable return. The rates in such a situation will be higher than the service is worth, or customers in more remote areas will bear some of the unjustified expense necessary to support such economic waste. In the absence of a specific statute limiting the service areas of various public utilities, territorial agreements such as we are concerned with

here, constitute no unreasonable restriction on the commission's powers, but actually assist the commission in the performance of its primary function of procuring for the public essential utility services at reasonable costs."

More recently we have, on April 25, 1965, by the entry of order no. 3799 in docket no. 7421, approved a geographical division of territories between Florida Power and Light Company and the City of Jacksonville; Florida Power and Light Company and Clay Electric Cooperative, Inc., docket no. 7422; Florida Power and Light Company and Glades Electric Cooperative, Inc., docket no. 7423; and Florida Power and Light Company and Lee County Electric Cooperative, Inc., docket no. 7424.

For the same reasons we have approved these past territorial agreements and particularly for those spelled out in order no. 2948, as quoted above, the commission finds that the approval of this application and agreement is clearly in the public interest and in the interest of the customers of Florida Power and Light Company and the interest of the company itself.

It is therefore ordered that the application of Florida Power and Light Company for approval of its agreement with Florida Keys Electric Cooperative Association, Inc. relative to service areas as evidenced in this record be and the same is hereby approved.